UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-099 (JDB) |
| : | |
| DAMEON YATES, : | **FILED** |
| : | JUL 2 7 2006 |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK |
| : | U.S. DISTRICT COURT |

### GOVERNMENT'S SUBMISSION TO THE COURT
### IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Dameon Yates, hereby submit the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSES

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g), are:

1. The defendant knowingly possessed the firearm, as charged;

2. Before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

3. The possession of the firearm was in or affecting interstate commerce.

II.  COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. <u>PENALTIES</u>

Pursuant to 18 U.S.C. §§ 922g and 924:

1. a term in prison of not more than 10 years;
2. a fine of not more than $250,000; and
3. a term of supervised release of not less than two years and not more than three years.

IV. <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on March 21, 2006, at approximately 7:25 p.m., members of the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) were in the area of 17th and R Street, Southeast, Washington, D.C.

Upon arriving in the area in an unmarked vehicle, two undercover officers, Derrick Wallace and Marvin Washington, made contacted with the defendant, who was later identified as Dameon Yates, and discussed the purchase of crack cocaine. Officer Wallace got out of the vehicle, and the defendant handed Officer Wallace two ziplocks of a white rocklike substance[1] in exchange for $20 in prerecorded funds. After Officer Wallace gave a pre-arranged signal, a broadcast lookout was given for the defendant. The defendant began to run away as other officers with the Metropolitan Police Department moved in to make the arrest. As he was running, one officer grabbed the defendant's arm and the defendant attempted to pull off the jacket which he was wearing. As he did so, a handgun was seen by one officer falling to the ground from the defendant's jacket. Two other officers heard the sound of the gun falling to the ground. The defendant was stopped a short distance

---

[1] This substance was later analyzed by the DEA and dtermined to ne cocaine base, also known as crack cocaine, weighing .17 grams.

away and positively identified as the person who sold the two ziplocks of crack cocaine to Officer Wallace. In a search incident to his arrest, the police recovered $48 in United States Currency.

It was subsequently determined that the defendant had been previously convicted of a felony in F-5213-99 in the Superior Court for the District of Columbia for attempted distribution of cocaine.

There also would have been testimony that there are no gun manufacturers in the District of Columbia, and that the Firestorm .45 caliber semi-automatic hand gun had, therefore, traveled in interstate commerce.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney

        _____
        MICHAEL T. TRUSCOTT
        Assistant United States Attorney
        Member of the New York Bar
        Federal Major Crimes Section
        555 Fourth Street, N.W., Room 4237
        Washington, D.C. 20530
        202-514-7533

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Carlos Vanegas, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7/26/06

DAMEON YATES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 7/26/06

CARLOS VANEGAS
Attorney for Defendant