UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-99 (JDB) |
| | : | |
| | : | Sentencing: January 11, 2007 |
| DAMEON YATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' MOTION FOR
THREE POINT REDUCTION FOR ACCEPTANCE
OF RESPONSIBILITY
<u>AND MEMORANDUM IN AID OF SENTENCING</u>**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing.  In support thereof, the United States would respectfully showing the following:

<u>Motion for Reduction</u>

A. <u>Factual Summary of Offense</u>

1. 0n March 21, 2006, at approximately 7:25 p.m., members of the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) were in the area of 17th and R Street, Southeast, Washington, D.C.

2. Upon arriving in the area in an unmarked vehicle, two undercover officers, Derrick Wallace and Marvin Washington, made contacted with the defendant, who was later identified as Dameon Yates, and discussed the purchase of crack cocaine.  Officer Wallace got out of the vehicle, and the defendant handed Officer Wallace two ziplocks of crack cocaine in exchange for $20 in

prerecorded funds.

3. After Officer Wallace gave a pre-arranged signal, a broadcast lookout was given for the defendant. The defendant began to run away as other officers with the Metropolitan Police Department moved in to make the arrest.

4. As the defendant was trying to run away one officer grabbed the defendant's arm and the defendant attempted to pull off the jacket which he was wearing. As he did so, a handgun was seen by one officer falling to the ground from the defendant's jacket. Two other officers heard the sound of the gun falling to the ground.

5. The defendant was stopped a short distance away and positively identified as the person who sold the two ziplocks of crack cocaine to Officer Wallace. In a search incident to his arrest, the police recovered $48 in United States Currency.

6. It was subsequently determined that the defendant had been previously convicted of a felony in F-5213-99 in the Superior Court for the District of Columbia for attempted distribution of cocaine. There also would have been testimony that there are no gun manufacturers in the District of Columbia, and that the Firestorm .45 caliber semi-automatic hand gun had, therefore, traveled in interstate commerce.

B. Defendant's Acceptance of Responsibility

7. The defendant expressed an early interest in entering into a plea. Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

**Memorandum in Aid of Sentencing**

8. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year and Simple Possession of PCP. The base offense level, in light of the fact that the defendant had a prior felony conviction for a controlled substance offense, was 20. In addition, the base offense level was then adjusted upwards four levels because the defendant possessed the firearm here in connection with another felony offense, specifically the distribution of crack cocaine. In the event that the Court grants the United States' motion for an additional point for acceptance of responsibility, the defendant's total offense level will be 21. In light of the fact that the defendant's criminal history category is II, the guideline range is 41 to 51 months. The United States recommends that the defendant be sentenced to a period of 41 months of incarceration.

8. According to the PSR, the defendant's criminal record includes a prior conviction for attempted distribution of cocaine. It also includes a prior arrest for murder. In addition, it appears that the defendant was arrested on December 10, 2006, after the PSR was prepared, for possession with the intent to distribute cocaine in case 2006-CF2-027404 in the Superior Court for the District of Columbia. The defendant is scheduled to be arraigned in that case on January 11, 2007.

9. It is important for this Court to note the circumstances under which the defendant was arrested. The defendant was on the streets of the District of Columbia with both a loaded handgun and was selling crack cocaine. The Court, unfortunately, is no doubt aware that this is a lethal combination. Indeed, there is no reason for the defendant to possess a handgun, except to use it on

another person. This scenario is all the more likely given the defendant's simultaneous possession of crack cocaine. While this is a danger that the police are trained for and luckily nobody was injured, it cannot be simply forgotten that the police were confronting a dangerous person and, thus, were risking their lives.

10. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As mentioned above, the defendant has a prior drug conviction. Here, the defendant was arrested for for possessing a firearm while doing the exact same thing. This record demonstrates not only a commitment to criminal behavior on the part of the defendant, but it also reflects a terrifying willingness to combine two of the most significant dangers to our community.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: The combination of drugs and guns speak for themselves in terms of seriousness.

(c). Potential deterrence: A sentence of forty-one months would demonstrate to the defendant, as well as others, that there are significant consequences when firearms are possessed in connection with narcotics.

(d). Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior.

(e). The needs of the rehabilitative needs of the defendant: There are none. The defendant is a well-educated individual who stands before the Court with employment skills. Nonetheless, the defendant is committed to engaging in criminal behavior. The reason is simple. The defendant chooses to engage in this behavior. For all of the foregoing reasons, the defendant should be sentenced

        Respectfully,
        JEFFREY A. TAYLOR
        United States Attorney


        By: _____
        MICHAEL T. TRUSCOTT
        ASSISTANT UNITED STATES ATTORNEY
        Member of the New York Bar
        Federal Major Crimes Section
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4237
        Washington, D.C. 20530
        Phone: (202) 514-7533
        Fax: (202) 514-6010