UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 06-99(JDB) |
| v. ) | |
| DAMEON YATES ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Dameon Yates, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

**Procedural History**

Mr. Yates is before the Court awaiting sentencing after he entered a guilty plea on July 27, 2006. Mr. Yates pled guilty to count three of the indictment which charged him Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Yates committed the offense on or about March 21, 2006. Pursuant to the conviction Mr. Yates faces a maximum sentence of ten years of incarceration, followed by a term of supervised release of not more than three years, a fine of $250,000.00, and a $100.00 special assessment. Probation Officer Elizabeth has identified a sentencing range of 41 to 51 months pursuant to the advisory Sentencing Guidelines of the United States Sentencing Commission. The range is based on an offense level of 21 and a Criminal History Category II.

Mr. Yates is before the Court facing his second felony conviction. He was first convicted when he was 19 years old in 1999 for Attempted Distribution of Cocaine. As the PSR indicated

1

Mr. Yates does not have a juvenile record. Regrettably, while this case was pending Mr. Yates was arrested and charged in the Superior Court with Possession with Intent to Distribute Cocaine (CF2-02-27404). Up until he was charged with that crime, Mr. Yates had made a concerted effort to walk a clean and law abiding path.

Unlike many young men who appeared before the Court, Mr. Yates does have a history of gainful employment. Probation Officer Suarez confirmed that Mr. Yates is currently employed with Capital Service and Suppliers as a mover. Previously, Mr. Yates worked as a lower level supervisor with a construction company. Mr. Yates has also shown initiative by enrolling in vocational programs. On account of his initiative and commitment Mr. Yates received his General Equivalency Diploma at the Harper's Ferry Job Corps in 1978. More recently, in 2005 he earned a certificate of completion from the Plumbers Local Training Program.

While his case has been pending Mr. Yates has demonstrated personal maturity in his relationship with Rachelle Coleman. Together they have established a solid family foundation for their three children. Ms. Coleman's description of Mr. Yates as being "a respectful, compassionate and great father" shows a level of responsibility that is all to often absent with many young men who are criminally charged.

Knowing that Mr. Yates will be sentenced for a substantial period of incarceration has been very painful for Ms. Coleman and everyone who cares and is concerned for Mr. Yates' well being. Prior to the instant offense nearly four years had elapsed since Mr. Yates saw the inside of a prison. While his present situation is bleak, Mr. Yates has managed to remain hopeful about his future. Since he was first charged and arraigned in Federal Court, Mr. Yates, made the

decision to acknowledge his guilt to the government and Court.  As a result the government did not have to expend resources either in filing or preparing for pretrial motions and hearings. Likewise the Court was spared from exhausting its time and resources in a trial or merit less pre-trial litigation.

Mr. Yates' decision to expeditiously resolve his case shows that he can make reasoned and mature decisions. During the pendency of his case Mr. Yates has displayed a good understanding of the guidelines, the determination of his criminal history and the application of criminal statutes.  In short, he has shown the educational aptitude to learn another trade in the Bureau of Prison.  Ultimately, it will be up to Mr. Yates to follow through on his desire to lead a law-abiding life and to find gainful employment when he is release from custody.

Mr. Yates does possess the attitude to turn his life around.  Mr. Yates has never blamed his present situation on anyone.  He acknowledges that he is responsible for his present predicament.  Mr. Yates feels that he has the opportunity to make the most of the educational and vocational programs that are available in the Bureau of Prison.  Mr. Yates is well aware that once he is released from prison he will be placed on a substantial period of Supervised Release and that the Court will keep its authority to re-incarcerate him for any violations, regardless of their severity.

**REQUEST FOR A SENTENCE OF 41 MONTHS OF INCARCERATION AND A RECOMMENDATION FOR PARTICIPATION IN THE 500 HOUR SUBSTANCE ABUSE PROGRAM**

Pursuant to United States v. Booker, 125 S. Ct. 738 (2005) a Sentencing Court has to take into account the statutory sentencing directives of 18 U.S.C. §3553(a).  Those factors  include, among others, the nature of the offense, the defendant's history, the need for the sentence to

promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, [and] the need to avoid unwarranted sentencing disparities among similarly situated defendants U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005)

    A sentence of 41 months of prison will certainly protect the community from Mr. Yates until he is close to thirty years old.  As a thirty year old and under Court supervision Mr. Yates will certainly bare in mind that the Court can be promptly returned him to prison.  Thus a sentence of 41 months will achieve the dual goal of instilling respect for the law while simultaneously protecting the community from Mr. Yates' criminal behavior.  Incarceration of 41 months will promote adequate deterrence from anymore destructive activity of distributing a poisonous drug into the community.

    18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Yates' history and nature and circumstance of the offense.  Mr. Yates has pled guilty to possession of a firearm which is a very serious crime given the number of fatalities and serious injuries that are caused by people who unlawfully carry and discharged firearms.  Moreover, Mr. Yates was initially arrested because he had sold crack cocaine to an undercover police officer.  However, there is no evidence that before he was arrested on March 21, 2006 Mr. Yates had a history for possessing firearms or possessing a firearm in relation to drug dealing.  On the other hand Mr. Yates' history of employment and of vocational initiative demonstrates that he has and to this day lawfully earns money.

    Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Yates' sentence must reflect the seriousness of the offense.  There is no question that Mr. Yates violated the law and that the Court has to sanction his conduct.  As it stands now Mr. Yates is facing a sentencing range of 41 to 51 months

of incarceration. However, the seriousness of the offense has to take into account and result in a sentence that "promote[s] respect for the Law and provide[s] just punishment." Mr. Yates has shown throughout his juvenile and young adult life that he does have the ability to be a productive and law abiding citizen.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Yates' sentence in light of the educational or vocational training that will support his rehabilitation and education. Clearly, Mr. Yates will benefit significantly from the opportunities that will be available in the Bureau of Prison. Mr. Yates stands to gain significantly by participating in the 500-hour substance abuse program. The possession with intent to distribute count that was dismissed in this case, the charge pending in the Superior Court and his prior conviction for possession with intent to distribute instant evidence the need for in depth and sustained counseling and treatment. The substance abuse program should provide him with greater insight into the terrible consequences that drug use and drug dealing have on individuals and on the larger community.

18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The relevant information can simply be distilled to Mr. Yates' limited criminal record and history of employment and family responsibility.

**CONCLUSION**

Mr. Yates is a young man who can still change his life around. He knows and wants to be a mature and supportive partner and father. Mr. Yates is prepared to take advantage of the vocational and education opportunities available in the Bureau of Prison. For these reasons,

undersigned counsel requests that the Court sentence Mr. Yates to a term of incarceration of 41 months, with a recommendation for participation in the 500-hour substance abuse program.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
On Behalf Dameon Yates
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500